Honorable Karen A. Overstreet
Chapter 11

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In Re: <br><br> CONSOLIDATED MERIDIAN FUNDS, a/k/a MERIDIAN INVESTORS TRUST, et al. <br><br> Debtors. | Consolidated Case No. 10-17952 <br><br> **DECLARATION OF MARK CALVERT IN SUPPORT OF THE TRUSTEE'S OPPOSITION TO MOSS ADAMS LLP'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 5, 2013 MEMORANDUM DECISION** |

| | |
|---|---|
| **DECLARATION OF MARK CALVERT IN SUPPORT OF THE TRUSTEEE'S OPPOSITION TO MOSS ADAMS LLP'S MOTION FOR RECONSIDERATION** <br> **(No. 10-17952)** | OSBORN MACHLER <br> 2125 Fifth Avenue <br> Seattle, WA 98121 <br> 206-441-4110 |

I, Mark Calvert, hereby declare as follows:

1. I am the Liquidating Trustee of the Meridian Inventors Trust and was previously the Chapter 11 Trustee of the Debtors in this proceeding. I am over the age of (18) years old and competent in all ways to testify. I make this declaration on personal knowledge and my review of the records in my possession, and if called to testify to the matters, would and could do so.

2. On February 14, 2013, I testified as to certain <u>examples</u> of documents that should have been timely produced but were not. These examples were not meant in any way to be an exhaustive list of the numerous types of documents Moss Adams failed to produce – they were merely meant to be <u>examples</u>. Had I meant my testimony to provide an exhaustive list, I would have testified to a number of additional individual work papers and emails Moss Adams failed to timely produce but later produced after motion practice began (i.e. the Lighthouse documents). Importantly, it has never been my obligation to inform Moss Adams of every document the firm failed to timely produce nor would I necessarily have the requisite knowledge to determine every document Moss Adams failed to produce because they were, after all, *Moss Adams'* documents.

3. My review of the documents produced by Moss Adams was severely hampered by the method in which Moss Adams produced the documents and the fact that they were not produced as kept in the ordinary course of business. Despite this fact, since the hearing on February 14, 2013, I have had occasion to again review Moss Adams' production of documents from August 2010. Following this review, I have

| | |
|---|---|
| **DECLARATION OF MARK CALVERT IN SUPPORT OF THE TRUSTEEE'S OPPOSITION TO MOSS ADAMS LLP'S MOTION FOR RECONSIDERATION (No. 10-17952)** - 1 | OSBORN MACHLER<br>2125 Fifth Avenue<br>Seattle, WA 98121<br>206-441-4110 |

concluded the following: (1) Moss Adams did produce *some*, but certainly not *all*, of the trial balances and loan ledgers in August 2010 and (2) Moss Adams' did not produce *all* documents and work papers they were required to produce in August 2010, including *all* trial balances and loan ledgers, thus severely hindering my efforts as Trustee. For clarity, by trial balances I mean all types of trial balances (including but not limited to work trial balances, loan trial balances, REO trial balances, investor trial balances, and all subsidiary trial balances) for all of the relevant funds for all relevant years.

4. Moss Adams' Motion for Reconsideration takes out of context my testimony regarding the records of Meridian. Seeing as I testified about having records of Meridian, I certainly did not mean to convey that I did not have *any* of Meridian's books, but rather meant to convey I did not have *all* of Meridian's books and supporting records. And, as to those records I did have, upon my appointment as Trustee I quickly determined that such records, and especially Meridian's electronically stored information ("ESI") had major problems. For example, (a) there were errors in the data; (b) the files were incomplete; (c) not all the information was stored in one place; (d) there were different versions of the same document with different numbers; and (e) some early files were missing that were needed to show the flow of funds. Meridian did not operate a paperless office. In fact, I believe four to five pallets of Meridian paper documents were seized by the FBI, and a significant amount of information was not stored electronically. Thus, in short, Meridian's records did not have all the documents I needed, including all necessary trial balances, and even if a

| DECLARATION OF MARK CALVERT IN SUPPORT OF THE TRUSTEEE'S OPPOSITION TO MOSS ADAMS LLP'S MOTION FOR RECONSIDERATION **(No. 10-17952)** - 2 | OSBORN MACHLER 2125 Fifth Avenue Seattle, WA 98121 206-441-4110 |

document existed on Meridian's servers, that did not mean the document was accurate or that the document tied to the audited financial statements.

5. With regard to Meridian's Quickbooks in particular, not all of Meridian's books were kept on Quickbooks and Meridian's Quickbooks did not include all loan trial balance detail. While there was a balance in Quickbooks for loans receivable, I was looking for the detail that tied to the financial statements so that I could confirm the loan was paid off.

6. Because Meridian's electronically stored information ("ESI") information was incomplete and would not tie to the audited financial statements and because I needed to determine what claims for what years might exist against Moss Adams, I sought *all* work papers, including *all* trial balances and loan ledgers, from Moss Adams. Specifically, as a result of the problems with Meridian's ESI, I determined that a complete set of Moss Adams' work papers would provide a focal point to start my forensic analysis and that such documents from Moss Adams would help show the reliability (or lack therefor) of the ESI and hard copy records of Meridian that I was able to obtain. That is, I decided the best place to start unraveling the puzzle was with the audited financial statements, tying those back to the trial balances in Moss Adams' possession supporting the financial statements, tying those back to the working trial balances, tying those back to the source documents, etc. Specifically, my original plan was to take each year's audit, prove the fraud existed in that year's balance sheet and document the insolvency at the end each year, then roll forward the balance sheet each year, carrying forward the fraud which was proven in prior years and document the new fraud each year. However, Moss Adams' failure to produce *all* work papers for every

| DECLARATION OF MARK CALVERT IN SUPPORT OF THE TRUSTEEE'S OPPOSITION TO MOSS ADAMS LLP'S MOTION FOR RECONSIDERATION **(No. 10-17952)** - 3 | OSBORN MACHLER 2125 Fifth Avenue Seattle, WA 98121 206-441-4110 |

year starting with 1999 (i.e. starting with the Lighthouse documents) made this impossible. It was for this reason that I reverted to a cash in and cash out analysis using bank statements.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

DATED this 24th day of May, 2013, at Seattle, WA.

By: /s/ Mark Calvert
Mark Calvert

| DECLARATION OF MARK CALVERT IN SUPPORT OF THE TRUSTEEE'S OPPOSITION TO MOSS ADAMS LLP'S MOTION FOR RECONSIDERATION  (No. 10-17952) - 4 | OSBORN MACHLER<br>2125 Fifth Avenue<br>Seattle, WA 98121<br>206-441-4110 |

# CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2013, I electronically filed the foregoing with the Clerk of the U.S. Bankruptcy Court for the Western District of Washington using the CM/ECF system, which will send notification of such filing to the following:

> Kelly P. Corr
> Steven W. Fogg
> Corr Cronin Michelson Baumgardner & Preece
> 1001 Fourth Avenue, Suite 3900
> Seattle, WA 98154
> kcorr@corrcronin.com
> sfogg@corrcronin.com
> Attorneys for Defendant Moss Adams LLP

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECM participants:

> Frederick Darren Berg
> Inmate No. 17950-086
> FCI Lompoc
> Federal Correction Institution
> 3600 Guard Road
> Lompoc, CA 93436
> *Pro Se*

Dated May 24, 2013, at Seattle, Washington.

                                            /s/ Kathryn R. Bue
                                            Kathryn R. Bue

| **DECLARATION OF MARK CALVERT IN SUPPORT OF THE TRUSTEEE'S OPPOSITION TO MOSS ADAMS LLP'S MOTION FOR RECONSIDERATION (No. 10-17952)** - 1 | OSBORN MACHLER<br>2125 Fifth Avenue<br>Seattle, WA 98121<br>206-441-4110 |
|---|---|