Kelly P. Corr, WSBA No. 00555
Steven W. Fogg, WSBA No. 23528
Paul R. Raskin, WSBA No. 24990
Jeff Bone, WSBA No. 43965
**Corr Cronin Michelson Baumgardner & Preece LLP**
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051
(206) 625-8600

Albert N. Kennedy, WSBA No. 15074
**Tonkon Torp LLP**
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204
(503) 221-1440

Honorable Karen A. Overstreet
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

CONSOLIDATED MERIDIAN FUNDS, a/k/a
MERIDIAN INVESTORS TRUST, et al.,

Debtors.

Consolidated Case No.: 10-17952

**MOSS ADAMS LLP'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 5, 2013 MEMORANDUM DECISION**

## I. INTRODUCTION

In his Opposition to Moss Adams' Motion for Reconsideration ("Opposition"), the Trustee makes a number of critical admissions that vividly illustrate why this Court should reconsider its April 5, 2013 Memorandum Decision ("Decision"). First, the Trustee does not dispute the absence of *any* legal authority holding a non-party in contempt for violating a subpoena without an intervening court order. Second, the Trustee also acknowledges that the Court overcame this absence of legal authority by relying upon "the unique facts of this case."

MOSS ADAMS LLP'S REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION - 1

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 10-17952-TWD    Doc 1116    Filed 06/04/13    Ent. 06/04/13 17:41:55    Pg. 1 of 9

In addition, the Trustee now acknowledges that the centerpiece of his testimony to this Court – the prejudice he supposedly suffered due to having been denied all access to accounting records like trial balances and loan ledgers – was, in his lawyer's phrase, "inartfully worded." See Opposition at p. 11. This is certainly true, if by "inartfully worded" the Trustee means "knowingly false." The Trustee testified not just once but multiple times that he had **no access whatsoever** to trial balances and loan ledgers. Now, faced with incontestable evidence to the contrary, the Trustee admits that Moss Adams did, in fact, produce the very trial balances and loan ledgers he testified a few months ago were so critically absent. Dkt No. 1112, ¶3.

The Trustee's misstatements at the evidentiary hearing have infected the Court's April 5, 2013 Memorandum Decision ("Decision") with manifest error. Indeed, many of the "unique facts" relied upon by the Court hinged upon testimony the Trustee now acknowledges was inaccurate. For instance:

- The Court's finding that "it was not even possible to ascertain what might be missing" from Moss Adams' document production is negated by the Trustee's own testimony that (i) the "key" documents were trial balances and loan ledgers and (ii) his admission that Moss Adams, in fact, produced these documents.

- The Court's finding that the Trustee was "hampered [in] his ability to accurately determine the assets of the companies and Berg" is negated by the Trustee's admission that he had access to trial balances and loan ledgers.

- The Court's finding that the Trustee's situation "worsened on August 27, 2010, when the FBI seized all of the records of the Meridian and Berg entities," and that "[w]ithout adequate records, the Trustee was attempting to reconstruct Berg's financial records from Berg's personal Quickbooks data" is negated by the evidence that the Trustee had access to Quickbooks records for all of the Meridian Funds, and the evidence that the FBI never seized any of the electronic records of Meridian (only paper records for which there was an electronic copy).

- The Court's finding that Moss Adams failed to produce documents as they were kept in the ordinary course of business is negated by the evidence that its PFX and server documents were copied onto server folders, then directly to discs, and the Trustee's counsel's own admission that these documents were produced in such fashion.

MOSS ADAMS LLP'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 2

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 10-17952-TWD    Doc 1116    Filed 06/04/13    Ent. 06/04/13 17:41:55    Pg. 2 of 9

During the evidentiary hearing, the Trustee used his testimony to paint a dramatic word picture of being lost in the darkness, unable to determine the assets and liabilities of the Meridian Funds. This testimony had consequences: the Court highlighted the Trustee's testimony in several places in its April 5, 2013 Memorandum Decision ("Decision"), and found, based on this testimony, that the Trustee was hampered by the absence of these documents in his ability to fulfill his duties as Trustee. The Trustee's recent admission that, in fact, he possessed the documents the Court believed he did not have should cause the Court to reconsider whether the (now very different) "unique facts" of this case are sufficient to justify a contempt finding.

## II. ARGUMENT

### A. The Contempt Finding Is Based on Manifest Legal Error

Neither the Trustee's briefing nor the Decision identified a single case in which a non-party was held in contempt for violating a Rule 2004 subpoena without an intervening court order. Rather, numerous cases have held just the opposite, emphasizing that courts will not hold non-parties in contempt for violating a subpoena absent an actual court order compelling such compliance. The reason for these holdings is clear: an intervening court order "permits judicial scrutiny of the discovery request" and "specifically informs the recalcitrant party of its obligations." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364-65 (2d Cir. 1991). In his recently-filed Opposition, the Trustee has still not cited a single case where a court actually found a non-party in contempt under even remotely similar circumstances. The absence of legal authority to support the Decision, combined with the collapse of the "unique facts" relied upon by the Court in overcoming the absence of legal authority, should lead this Court to reconsider its Decision.

### B. The Contempt Finding Is Based on Manifest Factual Errors

The Decision concluded that this case presented "unique facts" that overcame the absence of case law authorizing contempt for violation of a subpoena without an intervening

MOSS ADAMS LLP'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 3

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 10-17952-TWD    Doc 1116    Filed 06/04/13    Ent. 06/04/13 17:41:55    Pg. 3 of 9

court order.  Those unique facts were erroneous, however.  <u>First</u>, the Decision found that the Trustee could not tell what, if anything, was missing from Moss Adams' production.  Decision at 20.  In the Motion, Moss Adams demonstrated that this finding was contradicted by the Trustee's own testimony.  Specifically, the Trustee testified that he was a CPA, and based on his experience as an auditor, he quickly concluded that Moss Adams document production did not contain <u>any</u> trial balances or loan ledgers.  The Trustee does not dispute this point in his Opposition.

<u>Second</u>, the Decision relied upon the Trustee's testimony that "his inability to obtain the trial balances for the Meridian and Berg companies hampered his ability to determine the assets of the companies and Berg."  Decision at 21-22.  The Court concluded that "based upon the Trustee's testimony, Moss Adams failure to fully comply with the Subpoena hampered the Trustee both with regard to his duties to marshal the estates' assets and his efforts to evaluate the estates' claims against Moss Adams ."  *Id.* at 22.

Specifically, at the evidentiary hearing, the Trustee testified as follows:

> Q.  At <u>any</u> point in time prior to late 2012 did Moss Adams <u>ever</u> produce <u>any</u> documents relating to <u>a trial balance</u> for <u>any</u> of the funds, to the best of your knowledge?
>
> A. No.

2/14/2013 Tr. (Afternoon) at 187:12-15 (emphasis added).[1]  The Trustee further testified repeatedly that the trial balances and loan ledgers were key and that he believed that he did not receive any from Moss Adams:

- "If I had <u>a loan trial balance</u>, I would have been able to say which loans were bogus and which loans were real.  I would have been able to identify loans that had been taken off or were no longer on the listing that would have allowed me to identify theft, as when I immediately came in, Berg was still stealing from the estate." *Id.* at 181:23-182:4

---

[1] For the Court's ease of reference it has attached relevant excerpts from the February 14, 2013 evidentiary hearing as Exhibit A to the Declaration of Steven W. Fogg ("Fogg Decl."), filed herewith.

MOSS ADAMS LLP'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 4

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 10-17952-TWD    Doc 1116    Filed 06/04/13    Ent. 06/04/13 17:41:55    Pg. 4 of 9

- "I didn't have a loan trial balance. I didn't have the detail associated with a loan trial balance, all of which are normal in the workpapers from my past experience as an auditor." *Id.* at 184:22-185:7

- "On the top of 26, the nature of cash through MPM and the no access to Meridian servers. So these are again issues that, again, if I had the workpapers, I would have been able to see the loan trial balance for each of the years of the audited funds, been able to identify which loans were bogus in each of those years and would have been able to rebuild the asset side of the equation." *Id.* at 185:25-186:7.

- "Q. In your experience as a CPA, would you expect an audit firm to maintain copies of trial balances relating to an audit client?
  A. Yes, it's a key source document. It's the backbone of the audit.
  Q. Please explain to the Court what effect, if any, Moss Adams' failure to produce those key documents had on your ability to perform your duties as trustee?
  A. Here again, in looking at these funds, I was unable to get a loan trial balance or the information necessary to ascertain what loans did exist at those points in time."
  *Id.* at 187:22-188:8.

The Trustee's testimony about his access to trial balances and loan ledgers was false. As set forth in the Motion and Second Urquhart Declaration, Moss Adams' August 2010 production contained hundreds of pages of trial balances and loan ledgers, rendering the testimony just cited false. In his Opposition, the Trustee now concedes that his testimony at the evidentiary hearing was false, and that Moss Adams produced trial balances and loan ledgers in 2010. Dkt. No. 1111 at 16.[2] The Decision's finding that the Trustee was hampered by the lack of any trial balances and loan ledgers is thus erroneous.

Third, the Decision found that when the Trustee assumed his duties in July 2010, he "found a complete lack of accounting records. That situation worsened on August 27, 2010, when the FBI seized all of the records of the Meridian and Berg Entities." Decision at 13. The Decision further found that "[w]ithout adequate records, the Trustee was attempting to reconstruct Berg's financial records from Berg's personal Quickbooks data. The Trustee

---

[2] This concession should have come much earlier. Before closing argument, Moss Adams showed that trial balances and loan ledgers were in the August 2010 production. Instead of correcting his client's false testimony, Mr. Avenatti did just the opposite, representing to the Court that "the assertions by Moss Adams and their counsel are completely false relating to this trial balance issue . . . . Because we can show that it was demonstrably false, those statements." *See* Fogg Decl., Ex. C (3/1/13 Tr. at 13:10-17) (emphasis added).

MOSS ADAMS LLP'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 5

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 10-17952-TWD    Doc 1116    Filed 06/04/13    Ent. 06/04/13 17:41:55    Pg. 5 of 9

testified that a key source of information would have been the audit work and loan trial balances which he contends he did not receive from Moss Adams in August 2010." *Id.*

These findings were based on the Trustee's testimony that (i) while he had access to Darren Berg's Quickbooks, "I did not have access to Meridian's books," 2/14/2013 Tr. (Afternoon) at 184:23-185:3 (emphasis added), and (ii) that "the FBI and Department of Justice came in and seized all the financial records of the company on August 27th. So at that point I had no financial records," *id.* at 184:2-10 (emphasis added). This testimony was also false. According to an FBI 302 interview that Moss Adams was able to obtain only after the evidentiary hearing, the Trustee had access to both Berg's Quickbooks and the Quickbooks for "all Meridian Funds." *See* Dkt. No. 1068, Ex. A (emphasis added). That FBI 302 interview also made clear that the Quickbooks records for "all Meridian Funds" were downloaded to a personal server for the Trustee. There was no evidence submitted at the evidentiary hearing or in the Trustee's declaration filed in opposition to this Motion that this personal server was ever seized by the FBI. Moreover, in the declaration that Mr. Berg submitted to this Court, he testified that the FBI seized only Meridian's paper files on August 27, not any of its electronic files. *See* Dkt. No. 1093 ¶4, 11. Mr. Berg also stated that a complete forensic image of all Meridian's files was made by, and stored at, Lighthouse. *Id.* ¶8; *see also* Exhibit P4 from evidentiary hearing (August 26, 2010 FBI 302 Interview of the Trustee, stating that "Lighthouse was making a digital image of the Meridian computers"). In short, the new evidence demonstrates that the Trustee had access to Meridian's financial records, including the loan ledgers and trial balances contained therein, at all relevant times.[3]

In his Opposition, the Trustee does not contest any of these facts. Instead, he now claims that he "did not mean to convey that he did not have *any* of Meridian's books, but rather meant to convey I did not have *all* of Meridian's books." Dkt. No. 1112 ¶4. This is an

---

[3] The Trustee's assertion that Moss Adams could have introduced this evidence earlier ignores that it was not until the Trustee took the stand at 5:30 PM (after Moss Adams had rested), that he claimed for the first time that those documents were missing.

MOSS ADAMS LLP'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 6

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 10-17952-TWD    Doc 1116    Filed 06/04/13    Ent. 06/04/13 17:41:55    Pg. 6 of 9

astonishing admission. First, as the Trustee well knows, "I did not have *any* records" is a far cry from "I did not have *all* the records." The Trustee's testimony was designed to convey that he was forced to go to extreme lengths (e.g., shipping bank records to India) because of a complete absence of accounting records. The Court relied upon this testimony in its Decision, and the Trustee now admits this testimony was at the very least mistaken.

Equally important, the Trustee's testimony regarding a complete absence of accounting records was not a mere slip of the tongue, as he repeated the same claim repeatedly on direct examination, and reiterated the theme on cross-examination. For instance, the Trustee was cross-examined about a statement he made to the FBI that Mr. Berg's Quickbooks told "the whole story." In explaining this statement, the Trustee reiterated that he only had access to Berg's personal Quickbooks and that, as a result of the FBI's "seizure" (really, copying) on August 27, he had <u>no financial records</u>. The evidence is now clear that the Trustee had access not just to Mr. Berg's records, but to Meridian's records, and that the FBI did not seize all of the records on August 27, 2010, as he had testified.

<u>Fourth</u>, the Decision found that Moss Adams did not produce documents as they were kept in the ordinary course of business. Moss Adams demonstrated in its Motion that this finding was incorrect. The evidence was undisputed that Moss Adams electronically copied documents directly from PFX to a file on its server, then to a disc, then delivered that disc to counsel for the Trustee. Moss Adams thereafter provided the Trustee with an index to assist his review. Moreover, as Moss Adams pointed out, Mr. Avenatti previously represented to this Court that Moss Adams' August 2010 production contained documents "as they were kept in the ordinary course of business." Fogg Decl, Ex. D (12/7/2012 Tr. at 103:13-20) ("Further, we were entitled, Your Honor, to the files as they were kept <u>in the ordinary course of business</u> . . . . Interestingly enough, Your Honor, <u>that's what we got in the initial production.</u>"). The Trustee cannot hide from this admission. That these documents were not provided to the Trustee with the proprietary PFX software does not change the fact that they were copied directly and

MOSS ADAMS LLP'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 7

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 10-17952-TWD    Doc 1116    Filed 06/04/13    Ent. 06/04/13 17:41:55    Pg. 7 of 9

produced as maintained. Here too, the absence of this software was obvious to the Trustee, and nothing prevented the Trustee or its counsel from following up with Moss Adams for the software, if they believed such software was necessary to adequately review the documents.

In sum, the "unique facts" found by the Court were erroneous, in large part due to the Trustee's incorrect testimony. For this reason, this Court should grant Moss Adams' Motion for Reconsideration.

### III. CONCLUSION

Contempt against a non-party for violation of a Rule 2004 subpoena should be limited to cases where there is a court order compelling production. But even if unique facts in some case may warrant contempt in the absence of a court order, this is not such a case. The Trustee has acknowledged that great swaths of his testimony to this Court were incorrect, an admission that renders inaccurate much of the factual framework set forth in the Decision. The Court may believe that it can address this situation by refusing to award the Trustee the fees he has requested for the prejudice he claims to have suffered, but Moss Adams contends, with respect, that this remedy would be unjust and inadequate. A finding of contempt should not be based upon testimony that is admittedly false. To avoid this unjust outcome, this Court should grant Moss Adams' motion to reconsider.

DATED this 4th day of June, 2013.

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

*/s/ Steven W. Fogg*
Kelly P. Corr, WSBA No. 00555
Steven W. Fogg, WSBA No. 23528
Paul R. Raskin, WSBA No. 24990
Jeff Bone, WSBA No. 43965
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051
(206) 625-8600 Phone
kcorr@corrcronin.com
sfogg@corrcronin.com
praskin@corrcronin.com
jbone@corrcronin.com

MOSS ADAMS LLP'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 8

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 10-17952-TWD    Doc 1116    Filed 06/04/13    Ent. 06/04/13 17:41:55    Pg. 8 of 9

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2013, I electronically filed the foregoing with the Clerk of the U.S. Bankruptcy Court for the Western District of Washington using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Simeon J. Osborn<br>OSBORN MACHLER<br>2125 Fifth Avenue<br>Seattle, WA 98121<br>sosborn@osbornmachler.com<br>**Attorneys for Plaintiffs** | Michael J. Avenatti<br>EAGAN AVENATTI, LLP<br>450 Newport Center Dr.<br>Second Floor<br>Newport Beach, CA 92660<br>mavenatti@eaganavenatti.com<br>**Attorneys for Plaintiffs** |

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Frederick Darren Berg
Inmate No. 17950-086
FCI Lompoc
Federal Correction Institution
3600 Guard Road
Lompoc, CA 93436
*Pro Se*

DATED: June 4, 2013, at Seattle, Washington.

> */s/ Steven W. Fogg*
> Steven W. Fogg, WSBA No. 23528
> 1001 Fourth Avenue, Suite 3900
> Seattle, WA 98154-1051
> (206) 625-8600 Phone
> sfogg@corrcronin.com

MOSS ADAMS LLP'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 9

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 10-17952-TWD    Doc 1116    Filed 06/04/13    Ent. 06/04/13 17:41:55    Pg. 9 of 9