Michael Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Timothy W. Dore
Chapter 11
Hearing Location : Rm. 6301
Hearing Date: June 24, 2016
Hearing Time: 9:30 a.m.
Response Date: June 17, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

MERIDIAN MORTGAGE INVESTORS FUND V, LLC; et al.

Debtors.[1]

Case No. 10-17952
(Substantively Consolidated)

**LIQUIDATING TRUSTEE'S MOTION TO EXTEND DURATION OF MERIDIAN INVESTORS TRUST**

## I. INTRODUCTION

Mark Calvert, the Liquidating Trustee of the Meridian Investors Trust for the Substantively Consolidated Meridian Funds a/k/a the Meridian Investors Trust ("Meridian Investors Trust") in Case No. 10-17952, submits the following Motion to Extend Duration of Meridian Investors Trust (the "Motion"). Pursuant to the Chapter 11 Trustee's and Official Consolidated Investors' Committee's Joint Plan of Liquidation (the "Plan"), and this Court's

---

[1] The Debtors are Meridian Mortgage Investors Fund V, LLC (Case No: 10-17952); Meridian Mortgage Investors Fund II, LLC (Case No. 10-17976); Meridian Mortgage Investors Fund VII, LLC (Case No: 10-17953); Meridian Mortgage Investors Fund VIII, LLC (Case No. 10-17958); Meridian Mortgage Investors Fund VI, LLC (Case No: 10-18729); Meridian Mortgage Investors Fund IX, LLC (Case No. 10-18727); Meridian Mortgage Investors Fund X, LLC (Case No: 10-18728); Meridian Real Estate Opportunity Fund I, LLC (Case No: 10-19645); Meridian Real Estate Opportunity Fund II, LLC (Case No: 10-19644); Meridian Mortgage Investors Fund I, LLC (Case No: 11-10830); Meridian Mortgage Investors Fund III, LLC (Case No: 11-10833); and MPM Investor Services Inc. (Case No: 11-10834). Pursuant to the Plan confirmation order entered June 22, 2011, the Cases have been substantively consolidated and Mark Calvert is the Liquidating Trustee.

MOTION TO EXTEND DURATION
OF MERIDIAN INVESTORS TRUST - 1

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P21W2
Case 10-17952-TWD    Doc 1220    Filed 06/03/16    Ent. 06/03/16 14:09:55    Pg. 1 of 8

order approving the Plan, the Meridian Investors Trust was created and approved in order to allow the Liquidating Trustee to administer and liquidate assets of the Debtors' Estates for the benefit of creditors. The Meridian Investors Trust[2] has a term of (5) years commencing on the effective date of the Plan, July 7, 2011, unless extended by further order of the Bankruptcy Court. Because the Liquidating Trustee has not fully administered the assets of the Meridian Investors Trust—and will be unable to prior to the fifth year anniversary of the trust, July 7, 2016—the Liquidating Trustee requests entry of an order extending the term of the Meridian Investors Trust for an additional five years.

## II.     FACTUAL BACKGROUND

Frederick Darren Berg ("Berg") operated a massive Ponzi scheme by and through over thirty different affiliated entities owned and controlled by Berg including the Meridian Funds. The Meridian Funds offered and sold promissory notes ("Notes") to investors. On July 9, 2010, involuntary bankruptcy petitions were filed by certain creditors of four of the investment funds, individually and collectively referred to here as the Meridian Funds.[3] On July 20, 2010, this Court entered an order appointing Mark Calvert as the Trustee of those Meridian Funds. In the months that followed, eight related entities filed voluntary bankruptcy petitions.[4] More than 1500 claims totaling in excess of $225 million were filed in the Meridian Funds' bankruptcy proceedings. The large majority of claims were filed by investors in the Meridian Funds who loaned money to, or invested money in, the Funds ("Investors").

---

[2] The trust is referred to as the "Liquidating Trust" in the Liquidating Trust Agreement. However, it is now referred to as the Meridian Investors Trust. *See* Dkt. No. 568 (stating that all the assets of the substantively consolidated Debtors were "conveyed to the Meridian Investors Trust" and indicating that the Debtors shall be referred to as the "Consolidated Meridian Funds a/k/a the Meridian Investors Trust").

[3] The order for relief was entered on July 29, 2010 for Meridian Mortgage Investor Fund II, Meridian Mortgage Investor Fund V, Meridian Mortgage Investor Fund VII, and Meridian Mortgage Investor Fund III. *See* Dkt. No. 69.

[4] Voluntary petitions were filed on behalf of Meridian Mortgage Investor Fund VI, Meridian Mortgage Investor Fund IX, and Meridian Mortgage Investor Fund 10 on July 28, 2010. Orders for relief for those entities were entered on the same date. Those cases were filed under Case Nos. 10-18729, 10-18728, and 10-18727.

MOTION TO EXTEND DURATION
OF MERIDIAN INVESTORS TRUST - 2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P21W2

Case 10-17952-TWD    Doc 1220    Filed 06/03/16    Ent. 06/03/16 14:09:55    Pg. 2 of 8

A. Creation of the Meridian Investors Trust.

On June 22, 2011, the bankruptcy cases of the Meridian Funds were substantively consolidated pursuant to the order confirming the Plan.[5] *See* Dkt. No. 427. The Plan also created the Liquidating Trust and approved the Liquidating Trust Agreement. A copy of the Liquidating Trust Agreement is attached as <u>Exhibit A</u> to the Declaration of Mark Calvert filed in support of this Motion. Mark Calvert was named as the Liquidating Trustee of the Meridian Investors Trust. Under the Plan and Liquidating Trust Agreement, all assets of the Meridian Bankruptcy were transferred to the Meridian Investors Trust for the benefit of its Beneficiaries—defined as creditors of the Meridian Bankruptcy holding allowed claims.[6,7] The Meridian Investors Trust has an initial term of (5) years after the Effective Date of the Plan—which was July 7, 2011. *See* Dkt. No. 473. Thus, absent an extension of the initial term of the Meridian Investors Trust, the duration of the Meridian Investors Trust will expire on July 7, 2016.

B. Administration of the Meridian Investors Trust to Date.

The assets of the Meridian Investor Trust include the following: various causes of action against Investors in the Meridian Funds for avoidance and recovery of fictitious interest and/or fraudulent transfers; causes of action against non-investor third parties primarily for avoidance and recovery of fraudulent transfers; and loan and real estate portfolios that were held by the Meridian Funds. As explained herein, the Liquidating Trustee has administered a substantial portion of trust assets for the benefit of the Trust's beneficiaries and resolved the vast majority of its causes of action. The Liquidating Trustee has made interim distributions to beneficiaries of

---

[5] This Motion refers to the consolidated bankruptcy proceedings as the "Meridian Bankruptcy."

[6] Beneficiaries are defined in Section 1.1(d) of the Liquidating Trust Agreement as holders of Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Claims in Classes 1, 2, and 3.

[7] The Plan also constitutes a compromise among the bankruptcy estates of the Meridian Funds and those investors who accepted the Plan by voting in favor of the Plan and agreeing to the terms of the compromise in timely submitted documentation acceptable to the Plan Proponents ("Electing Investors"). The compromise is referred to as the "Plan Global Investor Settlement."

MOTION TO EXTEND DURATION
OF MERIDIAN INVESTORS TRUST - 3

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P21W2

Case 10-17952-TWD    Doc 1220    Filed 06/03/16    Ent. 06/03/16 14:09:55    Pg. 3 of 8

the trust since confirmation of the Plan. However, because the Liquidating Trustee has not fully administered the assets of the Meridian Investors Trust it is necessary to continue its duration beyond the initial five-year term contemplated by the Liquidating Trust Agreement.

In 2012, the Liquidating Trustee identified 186 investors against whom the Trust held potential fraudulent transfer claims for either recovery of fictitious interest/profit on their investments in the Meridian Funds, or for recovery of their principal investment based on lack of good faith. Before filing any lawsuits, the Liquidating Trustee communicated with the defendants and negotiated a resolution with at least 107 of the investors. Between June and July 2012, the Liquidating Trustee filed more than 50 adversary proceedings against Investors in the Meridian Funds seeking the avoidance and recovery of Fictitious Interest and/or Fraudulent Transfers. The Liquidating Trustee also sued third parties who were the recipients of fraudulent transfers but who were not Investors in the Meridian Funds. Fifteen of the over fifty lawsuits were settled prior to mediation, and over the course of the next two years, the overwhelming majority of those cases settled or were otherwise resolved. The Liquidating Trustee's resolution of these cases resulted in a recovery of approximately $5,285,000, for beneficiaries of the Meridian Investors Trust.

As of September 2014, only five cases against Investors in the Meridian Funds remained: three in which the defendant-investor had defaulted and judgments were entered, one in which an agreed judgment was entered,[8] and one brought against Dr. George Steven Kooshian that proceeded to trial before U.S. District Judge Richard A. Jones in October 2014. *See In re Mark Calvert*, W.D. Wash. Case No. 2:12-cv-01585-RAJ (Dkt. No. 88). In the Kooshian case, the District Court determined that Mr. Berg had conducted a Ponzi scheme and entered judgment against Mr. Kooshian in the amount of $781,798.66, with annual interest of 12%. Mr. Kooshian appealed the judgment entered against him. His appeal is currently pending before the Ninth

---

[8] *See* Adv. Pro. No. 12-01476, Dkt. No. 97.

MOTION TO EXTEND DURATION
OF MERIDIAN INVESTORS TRUST - 4

K:\2067667\00001\22732_BTP\22732P21W2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 10-17952-TWD    Doc 1220    Filed 06/03/16    Ent. 06/03/16 14:09:55    Pg. 4 of 8

Circuit Court of Appeals under Court of Appeals Docket No. 15-35465. With respect to the three cases in which the investor-defendants defaulted, the Liquidating Trustee obtained entry of default judgments on December 9, 2015.[9] While the Liquidating Trustee obtained judgments against these defendants, he has not yet satisfied the judgments.

With respect to the claims against non-investor defendants, the Liquidating Trustee identified eleven different defendants against whom the Trust held claims. The Liquidating Trustee settled his claims against two of the defendants before filing suit, and sued the remaining nine defendants[10] Eight of the lawsuits against third-party non-investor defendants have settled or were otherwise resolved, resulting in a recovery of approximately $15 million before deducting professional expenses Recently, the Liquidating Trustee resolved the Trust's claims against Moss Adams LLP—the auditor of certain of the Meridian Funds. The settlement reached by the Liquidating Trustee, the amount of which is confidential, resulted in the single largest recovery for beneficiaries of the Liquidating Trust to date. The Liquidating Trustee now believes that the total dividend to beneficiaries of the Liquidating Trust will be in excess of 25%.

Through December 31, 2015, the Meridian Investors Trust had distributed a total of $14,996,593 on $154,927,252 in allowed claims. In addition to potential recoveries the Liquidating Trustee may obtain from ongoing litigation and the enforcement of judgments, the Meridian Investors Trust has assets consisting of its loan and real estate portfolios. The loan and real estate portfolios cannot be readily reduced to cash, and require additional time to liquidate. As of December 31, 2015, the Meridian Investors Trust had an estimated value of $5,023,678, after accounting for estimated future professional fees of $500,000. The valuation of the Trust consists of cash on hand, the Trust's loan portfolio, and real estate owned. The value at December 31, 2015 did not include the Moss Adams settlement funds and other potential

---

[9] See Adv. Pro. Nos. 12-01487, 12-01483, 12-01511.

[10] *See* Adv. Pro. Nos. 12-01602, 12-01767, and Adv. Pro. No. 12-01649; Adv. Pro. Nos. 12-01624, 12-01621, 12-01619, 12-01623, 12-01625, 12-01626, 12-01620.

MOTION TO EXTEND DURATION
OF MERIDIAN INVESTORS TRUST - 5

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P21W2

Case 10-17952-TWD    Doc 1220    Filed 06/03/16    Ent. 06/03/16 14:09:55    Pg. 5 of 8

recoveries on judgments, and the Trustee therefore will distribute significant additional funds to creditors from the assets of the Trust.

Because there are additional assets held by the Meridian Investors Trust that must be administered by the Liquidating Trustee, it is necessary to extend the duration of the Meridian Investors Trust beyond its initial term. The Liquidating Trust Agreement provides, in Section 11.4, that this Court shall have "exclusive jurisdiction over any matters arising out of or in connection with the transactions contemplated by this Agreement." In addition, the Plan provides, in Article XII.11, that the Bankruptcy Court shall have and retain jurisdiction over any matters that may arise in connection with or are related to the Liquidating Trust Agreement.

### III. AUTHORITY

The duration of the Liquidating Trust is described in Section 10.1 of the Liquidating Trust Agreement. Section 10.1 states that the Liquidating Trust and its provisions are effective until the fifth anniversary of the Effective Date of the Plan but that the termination date "***may be extended for one or more finite terms subject to the approval of the Bankruptcy Court upon a finding that the extension is necessary to its liquidating purpose.***" (emphasis added). The extension must be approved by the Bankruptcy Court in the six month period prior to termination of the initial five-year term of the Meridian Investors Trust. *See id*. The Liquidating Trustee's authority to seek an extension of the duration of the Trust is also provided for under the terms of the Plan. Article II.C. of the Plan states that the "term of administration of the Liquidating Trust shall be five (5) years after the Effective Date unless extended by further order of the Bankruptcy Court."

The Liquidating Trustee requests that the Court enter an order extending the duration of the Meridian Investors Trust because doing so is necessary to the Trust's liquidating purpose. One of the principal stated purposes of the Liquidating Trust is "to reduce to Cash or otherwise liquidate transfer, or dispose of the Liquidating Trust Assets or any part thereof or any interest

MOTION TO EXTEND DURATION
OF MERIDIAN INVESTORS TRUST - 6

K:\2067667\00001\22732_BTP\22732P21W2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 10-17952-TWD    Doc 1220    Filed 06/03/16    Ent. 06/03/16 14:09:55    Pg. 6 of 8

1 therein upon such terms as the Liquidating Trustee determines to be necessary, appropriate, or desirable . . . ." Liquidating Trust Agreement, § 2.1. As described in this Motion, and in the Declaration of Mark Calvert filed in support of the Motion, there are significant assets left for the Liquidating Trustee to administer on behalf of the beneficiaries of the Trust in fulfillment of the Trust's purposes. In particular, the Liquidating Trustee must continue administration of the Meridian Investors Trust in order to liquidate the remaining loan and real estate portfolio, resolve the appeal of the judgment entered against Mr. Kooshian, pursue collection of judgments held by the Trust and make further distributions to creditors.

## IV. CONCLUSION

For the foregoing reasons, the Liquidating Trustee requests that the Court enter an order that extends the duration of the Meridian Investors Trust an additional five years, to July 7, 2021, and reserves the right of the Liquidating Trustee to seek additional extensions of the duration of the Trust as may be necessary.

DATED this 3rd day of June, 2016.

K&L GATES LLP


By */s/Brian T. Peterson*
   Michael J. Gearin, WSBA # 20982
   David C. Neu, WSBA #33143
   Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Liquidating Trustee

MOTION TO EXTEND DURATION
OF MERIDIAN INVESTORS TRUST - 7

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P21W2

Case 10-17952-TWD   Doc 1220   Filed 06/03/16   Ent. 06/03/16 14:09:55   Pg. 7 of 8

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on June 3, 2016, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 3rd day of June, 2016 at Seattle, Washington.

*/s/ Denise A. Evans*
Denise A. Evans

MOTION TO EXTEND DURATION
OF MERIDIAN INVESTORS TRUST - 8

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P21W2

Case 10-17952-TWD    Doc 1220    Filed 06/03/16    Ent. 06/03/16 14:09:55    Pg. 8 of 8