Michael Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Timothy W. Dore
Chapter 11
Hearing Location : Rm. 8106
Hearing Date: September 23, 2016
Hearing Time: 9:30 a.m.
Response Date: September 16, 2016

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

In re:

CONSOLIDATED MERIDIAN FUNDS, a/k/a MERIDIAN INVESTORS TRUST, et al.,

Debtors.[1]

Case No. 10-17952
(Substantively Consolidated)

**LIQUIDATING TRUSTEE'S MOTION TO CLOSE BANKRUPTCY CASE AND ENTER FINAL DECREE**

## I. INTRODUCTION

Mark Calvert, the Liquidating Trustee of the Meridian Investors Trust for the Substantively Consolidated Meridian Funds a/k/a the Meridian Investors Trust ("Meridian Investors Trust") in Case No. 10-17952, submits the following Motion to Close Bankruptcy Case and Enter Final Decree (the "Motion"). The Liquidating Trustee relies upon, and hereby

---

[1] The Debtors are Meridian Mortgage Investors Fund V, LLC (Case No: 10-17952); Meridian Mortgage Investors Fund II, LLC (Case No. 10-17976); Meridian Mortgage Investors Fund VII, LLC (Case No: 10-17953); Meridian Mortgage Investors Fund VIII, LLC (Case No. 10-17958); Meridian Mortgage Investors Fund VI, LLC (Case No: 10-18729); Meridian Mortgage Investors Fund IX, LLC (Case No. 10-18727); Meridian Mortgage Investors Fund X, LLC (Case No: 10-18728); Meridian Real Estate Opportunity Fund I, LLC (Case No: 10-19645); Meridian Real Estate Opportunity Fund II, LLC (Case No: 10-19644); Meridian Mortgage Investors Fund I, LLC (Case No: 11-10830); Meridian Mortgage Investors Fund III, LLC (Case No: 11-10833); and MPM Investor Services Inc. (Case No: 11-10834). Pursuant to the Plan confirmation order entered June 22, 2011, the Cases have been substantively consolidated and Mark Calvert is the Liquidating Trustee.

MOTION TO CLOSE BANKRUPTCY
CASE AND ENTER FINAL DECREE - 1

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P221S

Case 10-17952-TWD    Doc 1234    Filed 08/31/16    Ent. 08/31/16 10:32:49    Pg. 1 of 7

incorporates by reference, the Declaration of Mark Calvert filed in Support of Liquidating Trustee's Motion to Extend Duration of Meridian Investors Trust (Dkt. No. 1221).

## II. FACTUAL BACKGROUND

Frederick Darren Berg ("Berg") operated a massive Ponzi scheme by and through over thirty different affiliated entities owned and controlled by Berg including the Meridian Funds. The Meridian Funds offered and sold promissory notes ("Notes") to investors. On July 9, 2010, involuntary bankruptcy petitions were filed by certain creditors of four of the investment funds, individually and collectively referred to here as the Meridian Funds.[2] On July 20, 2010, this Court entered an order appointing Mark Calvert as the Trustee of those Meridian Funds. In the months that followed, eight related entities filed voluntary bankruptcy petitions.[3] More than 1500 claims totaling in excess of $225 million were filed in the Meridian Funds' bankruptcy proceedings. The large majority of claims were filed by investors in the Meridian Funds who loaned money to, or invested money in, the Funds ("Investors").

A. <u>Creation of the Meridian Investors Trust</u>.

On June 22, 2011, the bankruptcy cases of the Meridian Funds were substantively consolidated pursuant to the order confirming the Chapter 11 Trustee's and Official Consolidated Investors' Committee's Joint Plan of Liquidation (the "Plan").[4] *See* Dkt. No. 427. The Plan also created the Liquidating Trust and approved the Liquidating Trust Agreement. Mark Calvert was named as the Liquidating Trustee of the Meridian Investors Trust. Under the Plan and Liquidating Trust Agreement, all assets of the Meridian Bankruptcy were transferred to the

---

[2] The order for relief was entered on July 29, 2010 for Meridian Mortgage Investor Fund II, Meridian Mortgage Investor Fund V, Meridian Mortgage Investor Fund VII, and Meridian Mortgage Investor Fund III. *See* Dkt. No. 69.

[3] Voluntary petitions were filed on behalf of Meridian Mortgage Investor Fund VI, Meridian Mortgage Investor Fund IX, and Meridian Mortgage Investor Fund 10 on July 28, 2010. Orders for relief for those entities were entered on the same date. Those cases were filed under Case Nos. 10-18729, 10-18728, and 10-18727.

[4] This Motion refers to the consolidated bankruptcy proceedings as the "Meridian Bankruptcy."

MOTION TO CLOSE BANKRUPTCY
CASE AND ENTER FINAL DECREE - 2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P221S

Case 10-17952-TWD    Doc 1234    Filed 08/31/16    Ent. 08/31/16 10:32:49    Pg. 2 of 7

Meridian Investors Trust for the benefit of its Beneficiaries—defined as creditors of the Meridian Bankruptcy holding allowed claims.[5, 6] The Meridian Investors Trust has an initial term of (5) years after the Effective Date of the Plan—which was July 7, 2011. *See* Dkt. No. 473. The term of the Meridian Investors Trust was extended an additional five years to July 7, 2021 by order of this Court on June 28, 2016 (Dkt. No. 1229).

B. <u>Administration of the Meridian Investors Trust to Date</u>.

The assets of the Meridian Investor Trust include the following: various causes of action against Investors in the Meridian Funds for avoidance and recovery of fictitious interest and/or fraudulent transfers; causes of action against non-investor third parties primarily for avoidance and recovery of fraudulent transfers; and loan and vacant land parcel portfolios that were held by the Meridian Funds. As explained herein, the Liquidating Trustee has administered a substantial portion of trust assets for the benefit of the Trust's beneficiaries and resolved the vast majority of its causes of action. The Liquidating Trustee has also made substantial interim distributions to beneficiaries of the Trust since confirmation of the Plan.

In 2012, the Liquidating Trustee identified 186 investors against whom the Trust held potential fraudulent transfer claims for either recovery of fictitious interest/profit on their investments in the Meridian Funds, or for recovery of their principal investment based on lack of good faith. The Liquidating Trustee also sued third parties who were the recipients of fraudulent transfers but who were not Investors in the Meridian Funds. Over the course of the next two years, the overwhelming majority of those cases settled or were otherwise resolved. The Liquidating Trustee's resolution of these settled or resolved cases resulted in a recovery of

---

[5] Beneficiaries are defined in Section 1.1(d) of the Liquidating Trust Agreement as holders of Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Claims in Classes 1, 2, and 3.

[6] The Plan also constitutes a compromise among the bankruptcy estates of the Meridian Funds and those investors who accepted the Plan by voting in favor of the Plan and agreeing to the terms of the compromise in timely submitted documentation acceptable to the Plan Proponents ("Electing Investors"). The compromise is referred to as the "Plan Global Investor Settlement."

MOTION TO CLOSE BANKRUPTCY
CASE AND ENTER FINAL DECREE - 3

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P221S

Case 10-17952-TWD    Doc 1234    Filed 08/31/16    Ent. 08/31/16 10:32:49    Pg. 3 of 7

approximately $5,285,000, for beneficiaries of the Meridian Investors Trust.

With respect to the claims against non-investor defendants, the Liquidating Trustee identified eleven different defendants against whom the Trust held claims. The Liquidating Trustee settled his claims against two of the defendants before filing suit, and sued the remaining nine defendants. Eight of the lawsuits against third-party non-investor defendants settled or were otherwise resolved, resulting in a recovery of approximately $15 million (excluding the Moss Adams settlement). The Liquidating Trustee resolved the Trust's claims against Moss Adams LLP—the auditor of certain of the Meridian Funds in 2016. The settlement reached by the Liquidating Trustee, the amount of which is confidential, resulted in the single largest recovery for beneficiaries of the Liquidating Trust to date. The Liquidating Trustee now believes that the ultimate dividend to beneficiaries of the Liquidating Trust will be approximately 25%.

Only one lawsuit commenced by the Liquidating Trustee remains unresolved. That case was conducted under the jurisdiction of the United States District Court for the Western District of Washington. The Liquidating Trustee's suit against Dr. George Steven Kooshian that proceeded to trial before U.S. District Judge Richard A. Jones in October 2014. *See In re Mark Calvert*, W.D. Wash. Case No. 2:12-cv-01585-RAJ (Dkt. No. 88). The District Court determined that Mr. Berg had conducted a Ponzi scheme and entered judgment against Mr. Kooshian in the amount of $781,798.66, with annual interest of 12%. Mr. Kooshian appealed the judgment entered against him. His appeal is currently pending before the Ninth Circuit Court of Appeals under Court of Appeals Docket No. 15-35465.

Through December 31, 2015, the Meridian Investors Trust had distributed a total of $14,996,593 on $154,927,252 in allowed claims. In addition to potential recoveries the Liquidating Trustee may obtain from ongoing litigation and the enforcement of judgments, the Meridian Investors Trust has assets consisting of its loan and vacant land parcel portfolios. Because there are additional assets held by the Meridian Investors Trust that must be

MOTION TO CLOSE BANKRUPTCY
CASE AND ENTER FINAL DECREE - 4

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P221S

Case 10-17952-TWD    Doc 1234    Filed 08/31/16    Ent. 08/31/16 10:32:49    Pg. 4 of 7

administered by the Liquidating Trustee, the Trustee obtained Court approval to extend the duration of the Meridian Investors Trust an additional five years to 2021.

All claims submitted in this case have been resolved. The Liquidating Trustee further believes that, as of the date hereof, all motions, contested matters, and other proceedings that were before the Court with respect to this consolidated case have been resolved. As explained above, the Kooshian matter, on appeal before the Ninth Circuit is the only remaining active litigation matter and that matter is situated with the District Court.

### III. AUTHORITY

Section 350 of the Bankruptcy Code provides, in pertinent part, that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Pursuant to Bankruptcy Rule 3022, the Court "on its own motion or on the motion of a party in interest, shall enter a final decree closing the case." The term "fully administered" is not defined by the Bankruptcy Code or in the Bankruptcy Rules. According to the Advisory Committee Notes on the 1991 Amendments to Bankruptcy Rule 3022, the case closing should not be delayed on account of plan payments not being completed, and the court may consider the following factors in determining whether a case has been fully administered:

> (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor to the debtor has assume the business or management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been resolved.

*See* Advisory Committee's Note to Fed. R. Bankr. P. 3022. Failure to satisfy all factors does not preclude a determination that the case has been fully administered. *See Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994).

Entry of a final decree is also appropriate where the plan has been substantially consummated. *Id*. at 492; *see also In re Consolidated Pioneer Mortgage Entities*, 248 B.R. 368,

MOTION TO CLOSE BANKRUPTCY
CASE AND ENTER FINAL DECREE - 5

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P221S

Case 10-17952-TWD    Doc 1234    Filed 08/31/16    Ent. 08/31/16 10:32:49    Pg. 5 of 7

379 (9th Cir. BAP 2000) (stating that if plan had been substantially consummated final decree should have been sought). A chapter 11 plan is substantially consummated where there is "(A) a transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the . . . successor to the debtor under the plan of the business or management of all or substantially all of the property under the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2).

Here, many of the factors identified in the Advisory Committee's Note are present in this case. Moreover, the Liquidating Trustee submits that the Plan has been substantially consummated. In particular, according to the Plan, all assets of the Meridian Bankruptcy were transferred to the Meridian Investors Trust. The Liquidating Trustee is managing the liquidation of all property in the Meridian Investors Trust. Furthermore, the Liquidating Trustee has commenced distributions to beneficiaries under the Liquidating Trust Agreement and such distributions have totaled nearly $15 million to date. Furthermore, all motions, contest matters, and adversary proceedings have been resolved. The only exception is the pending appeal of the Kooshian judgment.

## IV. CONCLUSION

For the foregoing reasons, the Liquidating Trustee requests that the Court enter an order closing the case and entering a final decree.

DATED this 31st day of August, 2016.

K&L GATES LLP

By */s/Brian T. Peterson*
 Michael J. Gearin, WSBA # 20982
 David C. Neu, WSBA #33143
 Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Liquidating Trustee

MOTION TO CLOSE BANKRUPTCY
CASE AND ENTER FINAL DECREE - 6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P221S

# **CERTIFICATE OF SERVICE**

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on August 31, 2016, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 31st day of August, 2016 at Seattle, Washington.

/s/ Denise A. Evans
Denise A. Evans

MOTION TO CLOSE BANKRUPTCY
CASE AND ENTER FINAL DECREE - 7

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2067667\00001\22732_BTP\22732P221S

Case 10-17952-TWD    Doc 1234    Filed 08/31/16    Ent. 08/31/16 10:32:49    Pg. 7 of 7